■ NICHOLAS PSAROUDIS, Appellant, v. SONIA PSAROUDIS, Respondent.— In an action for an annulment, in which plaintiff's cause of action was discontinued, plaintiff-husband appeals from (1) a judgment of the Supreme Court, Kings County, dated November 2, 1967 after a nonjury trial, upon a decision which awarded defendant (a) $27,250.75 upon her first counterclaim for the recovery of money and property given to plaintiff upon his false representations that he was free to marry defendant and (b) $10,000 upon her second counterclaim for the recovery of damages to her reputation and character as a consequence of marrying plaintiff in reliance upon the false representations; and (2) two orders of the same court, dated respectively January 8, 1968 and January 16, 1968, the first denying his motion to set aside the decision and the second denying his motion to reargue. Judgment reversed, on the law and the facts, with costs, and defendant's counterclaims dismissed on the merits. Appeal from the orders dismissed, without costs, as academic and also because no appeal lies from an order denying a motion to set aside a decision after trial based on the trial minutes or an order denying a motion for reargument. In view of the failure of proof by any party to establish that plaintiff had in fact been married prior to his marriage to defendant in 1949, and that such prior marriage remained undissolved at that time, there was no foundation of fact for the conclusion, made by the trier of the fact, that defendant had been defrauded, as alleged in the first and second counterclaims. Consequently, there was no predicate for the award of damages upon either of the counterclaims. In addition, the outstanding decree of separation, entered in New York County, preserved after much litigation, establishes that there is still in existence a valid and subsisting marriage between the parties. Apart from the foregoing, defendant's failure to respond to plaintiff's notice to admit (CPLR 3123) conceded that defendant had first learned of the existence of such prior marriage

in 1957, in which event the six-year Statute of Limitations (CPLR 213, subd. 2) additionally served to defeat defendant's counterclaims which were pleaded and asserted for the first time in 1964. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.